No. 23-CV-7754 (BMC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DANIEL CHAVEZ,

Plaintiff,

- against -

CITY OF NEW YORK, ERIC ADAMS, DAVID CHOKSHI,

Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-171*
*New York, N.Y. 10007*

*Of Counsel: Traci Krasne*
*Tel: (212) 356-2451*
*Matter No. 2023-098265*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

ARGUMENT

POINT I

PLAINTIFF FAILS TO PLAUSIBLY PLEAD ANY CONSTITUTIONAL VIOLATIONS .......... 2

A. Plaintiff's Equal Protection Claims Must Be Dismissed .......... 2

B. Plaintiff's New York State Constitutional Claims Must Be Dismissed .......... 7

C. Plaintiff's Substantive Due Process Claim Must Be Dismissed .......... 8

POINT II

PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR FAILURE TO ACCOMMODATE UNDER TITLE VII .......... 9

CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Cases** **Pages**


Alwan v. City of New York,
311 F. Supp. 3d 570 (E.D.N.Y. 2018) ....................8

Beickert v. N.Y.C. Dep't of Educ.,
No. 22-CV-5265 (DLI) (VMS),
2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. Sep. 25, 2023)....................10

Broecker v. New York City Dep't of Educ.,
No. 21-CV-6387 (KAM) (LRM),
2023 U.S. Dist. LEXIS 55541 (E.D.N.Y. Mar. 30, 2023) ....................7

C.F. v. New York City Dep't of Health & Mental Hygiene,
191 A.D.3d 52 (2d Dept. 2020) ....................4

Cagle v. Weill Cornell Med.,
No. 22-cv-6951 (LJL),
2023 U.S. Dist. LEXIS 113687 (S.D.N.Y. June 30, 2023)....................10

Casciani v. Nesbitt,
659 F. Supp. 2d 427 (W.D.N.Y. 2009) ....................3

Coughlin v. N.Y. State Unified Ct. Sys.,
No. 2:22-CV-04002 (FB) (JMW),
2023 U.S. Dist. LEXIS 192576 (E.D.N.Y. Oct. 26, 2023)....................6, 7, 9

D'Cunha v. Northwell Health Sys.,
No. 23-476-cv,
2023 U.S. App. LEXIS 30612 (2d Cir. Nov. 17, 2023)....................10

Does 1-2 v. Hochul,
632 F. Supp.3d 120 (E.D.N.Y. 2022) ....................7

Dorce v. City of New York,
608 F.Supp.3d 118 (S.D.N.Y. 2022)....................5

Engquist v. Or. Dep't of Agric.,
553 U.S. 591 (2008)....................6

Garvey v. City of New York et al.,
77 Misc.3d 585 (Richmond Cty. Sup Ct. 2022) ....................8

Garvey v. City of New York et al.,
Index # 85163/2022 (N.Y. Sup. Ct., Richmond Cty.) ....................8

**Cases** **Pages**

Groff v. DeJoy,
600 U.S. 447 (2023)....................9

Hu v. City of New York,
2022 U.S. Dist. LEXIS 10682 (E.D.N.Y. Jan. 20, 2022)....................3

Jacobson v. Massachusetts,
197 U. S. 11 (1905)....................4

Kane v. De Blasio,
19 F.4th 152 (2d Cir. 2021)....................6, 7

Keles v. Davalos,
642 F.Supp.3d 339 (E.D.N.Y. 2022)....................3

Kuiken v. Cnty. of Hamilton,
No. 6:22-CV-1157,
2023 U.S. Dist. LEXIS 67247 (N.D.N.Y. Apr. 18, 2023)....................6

Maniscalco v. New York City Dep't of Educ.,
563 F. Supp. 3d 33 (E.D.N.Y. 2021)....................7, 9

Nat'l Fed'n of Indep. Bus. v. DOL, OSHA,
142 S. Ct. 661 (2022)....................4

Okin v. Vill. of Cornwall-on-Hudson Police Dep't,
577 F.3d 415 (2d Cir. 2009)....................5

Phillips v. City of New York,
775 F.3d 538 (2d Cir. 2015)....................8

Picinich v. N.Y.C. Dep't of Educ.,
No. 16 CV 844 (CBA)(LB),
2018 U.S. Dist. LEXIS 122959 (E.D.N.Y. July 11, 2018)....................3

Sullivan v. City of Long Beach,
No. CV 22-1163 (DG)(AYS),
2023 U.S. Dist. LEXIS 26004 (E.D.N.Y. Feb. 15, 2023).................... 6-7

**Statutes**

42 U.S.C. § 1983....................1, 8

CPLR § 5519(a)(1)....................8

## PRELIMINARY STATEMENT

Plaintiff is a former Assistant Commissioner of the New York City's Department of Corrections ("DOC") Training and Development Division whose employment was terminated in June 2023 for failing to comply with the COVID-19 vaccine mandate applicable to City employees. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, alleging violations of the Equal Protection clauses of the United States Constitution and New York State Constitution, violations of Due Process clause of the United States Constitution, and a religious-based failure to accommodate because he was denied an exemption to the City's employee COVID-19 vaccine mandate. Defendants moved to dismiss the complaint on the grounds that: (1) Plaintiff fails to plausibly assert any constitutional violations; and (2) Plaintiff fails to assert a plausible failure to accommodate claim, or that his religion played any role in the decision to terminate his employment.

In his opposition, Plaintiff argues that his claims of workplace discrimination are plausible because unlike "every other unvaccinated member of the public, he had no choice whether to get vaccinated." See Plaintiff's Memorandum of Law in Opposition ("Plf. Opp."), ECF Dkt. No. 8 at 7. Plaintiff relies on the argument that he is similarly situated to every other unvaccinated person living or working in New York City. See Plf. Opp. at 6-7. What Plaintiff, however, seemingly fails to grasp is that in the context of employment discrimination, an employee must demonstrate that he is similarly situated to other employees in all material respects.

Plaintiff alleges that his claims under the Fourteenth Amendment and New York State Constitution are plausible because the vaccine mandate did not stop the transmission of COVID-19. See Plf. Opp. at 9-10. Plaintiff contends that he has plausibly plead a failure to accommodate claim because the City did not adequately show it would be an undue hardship to accommodate his request to be exempt from the COVID-19 vaccine. See Plf. Opp. at 14-15.

Plaintiff argues that the vaccine mandate violated his substantive due process rights because it prevented him from pursuing his chosen profession and because it did not have a rational relation to the public health crisis, i.e. the COVID-19 pandemic. See Plf. Opp. at 15-17.

In his opposition, Plaintiff doubles down on the quasi-science, conspiracy theories, and policy disagreements that permeate the Complaint, complaining that the COVID-19 vaccines do not prevent transmission (and that he therefore should not have had to receive one); Mayor Adams engaged in "discriminatory conduct" by exempting athletes and performers (who are not City employees) from the requirement to receive a COVID-19 vaccine; and Dr. Chokski implemented a vaccine mandate to further his own personal professional ambitions. See Plf. Opp. at 8. However, as held by courts throughout New York at both the federal and local levels, the vaccine mandate created a lawful condition of employment for employees of the City of New York, including Plaintiff, such that a non-compliant employee could be terminated based on the failure to satisfy that condition of employment. Plaintiff failed to satisfy that condition of employment and was, as a result, terminated from his position of employment with the City. Plaintiff's allegations about Defendants' conduct in both the Complaint and in his opposition do not overcome the simple fact that Plaintiff failed to plausibly plead that Defendants acted unlawfully in any way.

## ARGUMENT

## POINT I

## PLAINTIFF FAILS TO PLAUSIBLY PLEAD ANY CONSTITUTIONAL VIOLATIONS

### A. Plaintiff's Equal Protection Claims Must Be Dismissed

Plaintiff's opposition fails to demonstrate that Defendants violated the Equal Protection Clause of the United States Constitution. Despite Plaintiff's assertions to the contrary,

to succeed on a selective enforcement claim, a plaintiff must plead facts that demonstrate he is similarly situated *to other employees* who allegedly received more favorable treatment than Plaintiff. See Picinich v. N.Y.C. Dep't of Educ., No. 16 CV 844 (CBA)(LB), 2018 U.S. Dist. LEXIS 122959 at *11 (E.D.N.Y. July 11, 2018) ("Well-pled facts showing that the plaintiff has been treated differently from others similarly situated remains an essential component of such a claim [and] [c]onclusory allegations of selective treatment are insufficient to state an equal protection claim."); Hu v. City of New York, 2022 U.S. Dist. LEXIS 10682, at *17 (E.D.N.Y. Jan. 20, 2022) (quoting Casciani v. Nesbitt, 659 F. Supp. 2d 427, 449 (W.D.N.Y. 2009) ("[T]he Second Circuit has stated that 'a showing that the plaintiff was treated differently compared to others similarly situated' is a 'prerequisite' . . . to a selective enforcement claim.") (citations omitted). Plaintiff fails to identify a single comparator in either his Complaint or opposition to show that he was treated differently by Defendants than any other similarly situated individual whose employment was not terminated by DOC. See generally, Compl.; Plf. Opp.

Additionally, none of the cases Plaintiff relies on to support his argument that he was treated differently from similarly-situated individuals are persuasive here. Plaintiff relies on Keles v. Davalos, 642 F.Supp.3d 339 (E.D.N.Y. 2022) to support his argument that he is similarly situated to every other person living or working in the City. But in Keles, the plaintiff's selective enforcement claim was dismissed because the plaintiff failed to allege any similarly situated colleagues were treated differently than the plaintiff was treated. See Keles v. Davalos, 642 F. Supp. 3d 339, 367 (E.D.N.Y. Aug. 5, 2022) (adopted by Keles v. Davalos, 642 F. Supp. 3d 339, 351 (E.D.N.Y., Nov. 23, 2022)). The plaintiff, who was asserting an age discrimination claim, plead that younger employees in the same department as he were not asked to take on added responsibilities and he was assigned added responsibilities. Id. The Court found that the plaintiff

did not specify whether these other employees "were tenured or employed on a semester-by-semester basis like Plaintiff, how long they had been part of the Department, or whether they were subject to the same employment standards" and therefore the plaintiff failed to plead that any comparators were similarly situated in all material respects and his claim was dismissed. Id. at 367-68. Similarly, here, Plaintiff has not identified any individuals who are similarly situated to him in any respect and therefore his selective enforcement claim must fail. See generally, Compl.

Plaintiff relies on Jacobson v. Massachusetts, 197 U. S. 11 (1905) and C.F. v. New York City Dep't of Health & Mental Hygiene, 191 A.D.3d 52, 277 (2d Dept. 2020) to argue that he was treated differently than other unvaccinated members of the public because he had no choice whether to get vaccinated. See Plf. Opp. at 7. This does not address Defendants' argument that Plaintiff has failed to identify any individuals who are similarly situated to him in all material respects who are employees of the City and specifically employees of the DOC. Further, neither the Supreme Court in Jacobson v. Massachusetts nor the Second Department in C.F. v. New York City Dep't of Health & Mental Hygiene addressed whether the plaintiffs in those respective cases had identified similarly situated individuals. And both courts affirmed the constitutionality of the vaccine mandates that were being challenged. See Jacobson v. Massachusetts, 197 U. S. 11, 39 (1905) (affirming constitutionality of Massachusetts smallpox vaccine mandate); C.F. v. New York City Dep't of Health & Mental Hygiene, 191 A.D.3d 52, 72-78 (2d Dept. 2020) (holding that the City Department of Health's adoption of a measles vaccine mandate was constitutional). Similarly, here, the COVID-19 vaccine mandate has been found lawful and constitutional.

Finally, Plaintiff relies on Nat'l Fed'n of Indep. Bus. v. DOL, OSHA, 142 S. Ct. 661 (2022) to argue that COVID-19 was a "threat present everywhere people [sic] gathered in public". See Plf. Opp. at 6. This argument is inapposite here because the question presented to

the Court was whether OSHA, an agency with the power to regulate occupational hazards, had the authority to adopt a broad public health regulation that was not connected to the workplace and not whether the regulation violated the equal protection clause. See id. at 665-66. The Court's recognition that COVID-19 was a threat to the public was dicta and not the basis of the Court's decision. Further, any equal protection claim is grounded on a comparison between the treatment the state (not the COVID-19 virus) gives similarly situated individuals. See Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (emphasis added). That COVID-19 could infect any individuals in New York City has no bearing on Plaintiff's selective enforcement claim.

Plaintiff argues that in establishing a vaccine mandate, Dr. Chokshi was motivated by his own personal professional ambitions and that Mayor Adams wanted to "punish" Plaintiff. See Plf. Opp. at 7-8. These arguments do not address Defendants' arguments that Plaintiff fails to identify a single similarly situated comparator or plead a single fact to show that he was treated differently than any other similarly-situated individual whose employment was not terminated and that the complaint fails to establish that Plaintiff was terminated *because of* his religious beliefs or for any other impermissible reason. See Defendants' Letter Motion, ECF Dkt. No. 7 ("Def. Mot.").

Additionally, the cases Plaintiff relies on to support his argument that Chokshi and Mayor Adams were motivated by malicious intent to treat Plaintiff differently are not persuasive. Plaintiff relies on Dorce v. City of New York, 608 F.Supp.3d 118, 141 (S.D.N.Y. 2022) to argue that Adams and Chokshi were motivated by malicious intent when implementing the vaccine mandate. See Plf. Opp. at 8. But in Dorce, the court found that the plaintiffs had plausibly stated an equal protection claim because they adequately plead that a New York State foreclosure program had been disproportionately applied to homeowners of color compared to white

homeowners. See id. at 140. Here, however, the COVID-19 vaccine mandate applied to all City workers. See, e.g., Kane v. De Blasio, 19 F.4th 152, 165 (2d Cir. 2021); Coughlin v. N.Y. State Unified Ct. Sys., No. 2:22-CV-04002 (FB) (JMW), 2023 U.S. Dist. LEXIS 192576, *16-*17, *21 (E.D.N.Y. Oct. 26, 2023). Plaintiff has not shown that he was treated differently than other City workers, let alone any other colleagues at DOC. Plaintiff also fails to establish that Plaintiff was terminated *because of* his religious beliefs or for any other impermissible reason. See, generally, Compl. Therefore, Plaintiff's selective enforcement claims fail and must be dismissed.

Plaintiff relies on Kuiken v. Cnty. of Hamilton, No. 6:22-CV-1157, 2023 U.S. Dist. LEXIS 67247, *11 (N.D.N.Y. Apr. 18, 2023) to further support his selective enforcement claim. See Plf. Opp. at 8. But in Kuiken, the court found the plaintiff had plausibly pled a selective enforcement claim because he pointed to the existence of comparators who were treated differently than he was treated. Kuiken, 2023 U.S. Dist. LEXIS 67247 at *11. Specifically, the plaintiff, who was a member of an ambulance company, plausibly alleged an age and disability discrimination claim because younger and non-disabled members of the same ambulance company were not subject to traffic stops by the county sheriff's office and he was subject to such stops. See id. at *11. Here, however, Plaintiff has not identified any other City employees, let alone any coworkers at DOC, who were treated differently than he or who were not terminated for failing to comply with the COVID-19 vaccine mandate. See generally, Compl. Thus, his equal protection claim must be dismissed.

Plaintiff argues in the alternative that he sufficiently pleads a "class of one" claim. See Plf. Opp. at 11. It is well-established law that "class of one" claims are not available in the context of public employment. See Engquist v. Or. Dep't of Agric., 553 U.S. 591, 605 (2008); see also Sullivan v. City of Long Beach, No. CV 22-1163 (DG)(AYS), 2023 U.S. Dist. LEXIS 26004,

*16 (E.D.N.Y. Feb. 15, 2023) (dismissing a "class of one" discrimination claim where the case arose in the context of public employment.). Because Plaintiff cannot assert an Equal Protection claim under a "class of one" theory, this claim fails and must be accordingly dismissed.

Finally, Plaintiff contends that the complaint plausibly alleges a violation of the Fourteenth Amendment because the vaccine did not stop the transmission of COVID-19. See Plf. Opp. at 9-12. Plaintiff also argues that Maniscalco v. New York City Dep't of Educ., 563 F. Supp. 3d 33 (E.D.N.Y. 2021) is not persuasive because it was a decision about injunctive relief. See Plf. Opp. at 13. Plaintiff's beliefs about the COVID-19 vaccine aside, this argument does not address Defendants' argument that many courts in this circuit have found that the mandate was constitutional. See, e.g., Kane v. De Blasio, 19 F.4th 152, 165 (2d Cir. 2021); Broecker v. New York City Dep't of Educ., No. 21-CV-6387 (KAM) (LRM), 2023 U.S. Dist. LEXIS 55541, *21, *41 (E.D.N.Y. Mar. 30, 2023); Coughlin, 2023 U.S. Dist. LEXIS 192576 at *15-*17 (holding that the vaccine mandate was lawful under the New York State constitution, the Equal Protection Clause and the Fourteenth Amendment). Further, courts in this circuit have concluded that the vaccine does help prevent the spread of virus. See e.g., Does 1-2 v. Hochul, 632 F. Supp.3d 120, 127-28 (E.D.N.Y. 2022). Therefore, Plaintiff fails to adequately plead an equal protection violation and his claims must be dismissed.

**B. Plaintiff's New York State Constitutional Claims Must Be Dismissed**

Plaintiff also contends that the complaint plausibly alleges a violation of the New York State Constitution because the vaccine mandate lacked a rational basis because it did not stop the transmission of COVID-19. See Plf. Opp. at 10. Plaintiff argues that the federal case law concluding that the mandate is constitutional under the New York State Constitution is not dispositive because the New York State Court of Appeals is the final authority when it comes to interpreting the State Constitution. See Plf. Opp. at 10. These arguments are not persuasive here.

This does not address Defendants' argument that he does not have a private right of action under the New York State Constitution because no private right of action exists for alleged violations of the New York State Constitution where a plaintiff has an alternative remedy under § 1983 for alleged violations of parallel provisions of the United States Constitution. See Def. Mot. at 1; see also Alwan v. City of New York, 311 F. Supp. 3d 570, 585-86 (E.D.N.Y. 2018) (collecting cases). Because Plaintiff asserts identical claims under the New York State Constitution that he asserts pursuant to § 1983, his claims brought under the New York State Constitution must be dismissed.

Plaintiff relies on Garvey v. City of New York et al., 77 Misc.3d 585 (Richmond Cty. Sup Ct. 2022) to argue that the vaccine mandate violates the New York State Constitution. However, the decision in that proceeding is not binding because it is currently on appeal and therefore pursuant to CPLR § 5519(a)(1) the enforcement of the decision is stayed until the appeal is decided. See Garvey v. City of New York et al., Index # 85163/2022 (N.Y. Sup. Ct., Richmond Cty.), NYSCEF Doc. No. 41.

**C. Plaintiff's Substantive Due Process Claim Must Be Dismissed**

Plaintiff's opposition does not, in any meaningful way, oppose Defendants' arguments with respect to Plaintiff's substantive due process claims. Plaintiff alleges that his substantive due process rights have been violated because Defendants "treated him like a second-class citizen" and enforced the vaccine mandate against City employees, which is "akin to compelling vaccination based on any other arbitrary factor like race, sex, hair color or national origin. See Plf. Opp. at 16-18. Plaintiff's arguments are not compelling here. First, the Second Circuit has consistently held that vaccine mandates – like the mandate at issue here - do not implicate a fundamental right and, accordingly, have applied rational basis review in determining the constitutionality of such mandates. See e.g., Phillips v. City of New York, 775 F.3d 538, 542

(2d Cir. 2015) (holding that New York's mandatory vaccine requirement did not violate substantive due process rights); Coughlin, 2023 U.S. Dist. LEXIS 192576 at *16.

Further, Plaintiff's reliance on Maniscalco v New York City Dept. of Educ., 563 F. Supp. 3d 33 (E.D.N.Y. 2021) is unavailing because the court in Maniscalco dismissed the Plaintiff's substantive due process claims. See id. at 39-40. This Court noted in Maniscalco that "property interests related to employment are not among protected fundamental rights...[n]either is there a fundamental right to continued public employment." The reasoning in Maniscalco applies with equal force here. Plaintiff can change his status as a City employee by applying for non-City employment. For these reasons, as in Maniscalco, Plaintiff is "not being denied [his] fundamental right to pursue [his] profession." Id. Thus, Plaintiff's substantiative due process claims must be dismissed.

## POINT II

## PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR FAILURE TO ACCOMMODATE UNDER TITLE VII

Plaintiff's opposition does not sufficiently address the deficiencies noted in Defendants' motion to dismiss with respect to his failure to accommodate claims. Plaintiff relies on Groff v DeJoy, 600 U.S. 447 (2023) to argue that Defendants violated Title VII because Defendants did not show how granting Plaintiff's accommodation request to be exempt from the COVID-19 vaccine would be an undue hardship. See Plf. Opp. at 13-15. Here, however, it is undisputed that DOC denied Plaintiff's accommodation request because allowing Plaintiff to work in DOC facilities unvaccinated would have posed an undue hardship because of the contact that Plaintiff would have had with coworkers, those detained by the DOC and the public, an undue health risk supported by the CDC and DOH. See Plaintiff's Exhibit 2, ECF Dkt. No. 1-3. Further, even under the Groff standard, it would have been an undue hardship for DOC to grant Plaintiff's

request because it would have resulted in the DOC violating a state law. See D'Cunha v. Northwell Health Sys., No. 23-476-cv, 2023 U.S. App. LEXIS 30612, *8 (2d Cir. Nov. 17, 2023) (dismissing Title VII claim where the plaintiff challenged the denial of her religious request to be exempt from the COVID-19 vaccine because "[the d]efendant could not have granted [the plaintiff's] religious-exemption request without violating the State [vaccine] Mandate, exposing itself to potential penalties, and thereby suffering an undue hardship."); Beickert v. N.Y.C. Dep't of Educ., No. 22-CV-5265 (DLI) (VMS), 2023 U.S. Dist. LEXIS 170719, *13 (E.D.N.Y. Sep. 25, 2023); Cagle v. Weill Cornell Med., No. 22-cv-6951 (LJL), 2023 U.S. Dist. LEXIS 113687, *11 (S.D.N.Y. June 30, 2023). Thus, Plaintiff's failure to accommodate claim fails.

## CONCLUSION

For the foregoing reasons, and for those set forth in Defendants' moving papers, Defendants respectfully request that their motion to dismiss the Complaint be granted in its entirety, with prejudice, that judgment in favor of Defendants be entered, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 28, 2023

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Room 2-171
New York, New York 10007
212-356-2451
trkrasne@law.nyc.gov

By: /s/ Traci Krasne
Traci Krasne
Assistant Corporation Counsel