UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

DANIEL CHAVEZ,

                                                    Plaintiff,         **ANSWER TO THE**
                                                                       **COMPLAINT**

                            -against-
                                                                       23-cv-7754 (BMC)

CITY OF NEW YORK, ERIC ADAMS, DAVID
CHOKSHI

                                                    Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

        Defendants City of New York, Eric Adams, and David Chokshi (hereinafter "Defendants")[1] by and through their attorneys, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, as and for their answer to the Complaint herein, respectfully allege as follows:

        1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the preliminary statement of the Complaint, except admit that Plaintiff was Assistant Commissioner of Curriculum and Enrollment Management at the New York City Department of Correction (NYCDOC), and deny the allegations that the United States and New York State Constitutions were an afterthought to Defendants.

        2.     Admit the allegations set forth in paragraph "1" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth Daniel Chavez's citizenry.

        3.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

_____

[1] Plaintiff's third cause of action asserting violation of his substantive due process was dismissed on November 29, 2023.  See ECF Minute Entry and Order, dated November 29, 2023.

4.    Deny the allegations set forth in paragraph "3" of the Complaint, except admit that Eric Adams is Mayor of the City of New York and the Mayor's office is located at 1 City Hall, New York, NY 10007 and respectfully refer the Court to N.Y. City Charter, Chapter 1, Sections 3 and 8 setting forth the mayor's duties and responsibilities.  To the extent the allegations call for a legal conclusion, no response is required.

5.    Deny the allegations set forth in paragraph "4" of the Complaint, except admit that David Chokshi was the Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH") and respectfully refer the Court to N.Y. City Charter, Chapter 22, Section 555 setting forth the commissioner's duties and responsibilities.  To the extent the allegations call for a legal conclusion, no response is required.

6.    Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein and respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

7.    Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein and respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admit that the EEOC issued Plaintiff a Notice of Right to Sue, dated July 20, 2023, and respectfully refer the Court to Plaintiff's Right to Sue Letter for a complete and accurate recitation of their contents.

9.    Admit the allegations set forth in paragraph "8" of the Complaint.

10.    Admit the allegations set forth in paragraph "9" of the Complaint.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

13.    Deny the allegations set forth in paragraph "12" of the Complaint, except admit that DOC had COVID-19 testing requirements.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admit that DOC had COVID-19 testing requirements for staff.

19.    Admit the allegations set forth in paragraph "18" of the Complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

22.     Admit the allegations set forth in paragraph "21" of the Complaint and respectfully refer the Court to Governor Cuomo's Executive Order No. 210, dated June 24, 2021, ending the state of emergency in New York State, effective June 25, 2021, for a complete and accurate recitation of its contents.

23.     Admit the allegations set forth in paragraph "22" of the Complaint and respectfully refer the Court to a copy of Mayor De Blasio's Executive Order No. 78, dated August 31, 2021, for a complete and accurate recitation of its contents.

24.     Deny the allegations set forth in paragraph "23" of the Complaint and respectfully refer the Court to a copy of Mayor De Blasio's Executive Order No. 78, dated August 31, 2021, for a complete and accurate recitation of its contents.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

31.     Admit the allegations set forth in paragraph "30" of the Complaint.

32.     Deny the allegations set forth in paragraph "31" of the Complaint, except deny knowledge or information sufficient to form a belief as to whom people relied on for individualized medical advice.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

34.     Deny the allegations set forth in paragraph "33" of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34' of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint, except admit that DOHMH issued a COVID-19 vaccine mandate on October 20, 2021, and respectfully refer the Court to the Order for a complete and accurate recitation of its contents.

37.     Admit the allegations set forth in paragraph "36" of the Complaint and respectfully refer the Court to the DOHMH order dated October 20, 2021, for a complete and accurate recitation of its contents.

38.     Admit the allegations set forth in paragraph "37" of the Complaint and respectfully refer the Court to Mayor De Blasio's Executive Order No. 225 dated August 16, 2021, for a complete and accurate recitation of its contents.

39.     Deny the allegations set forth in paragraph "38" of the Complaint and respectfully refer the Court to the DOHMH order dated October 20, 2021, for a complete and accurate recitation of its contents.

40.     Deny the allegations set forth in paragraph "39" of the Complaint, expect admit that the DOHMH order dated October 20, 2021, applied to City employees.

41.    Deny the allegations set forth in paragraph "40" of the Complaint, except admit that the DOHMH issued an order for staff at the Department of Education to provide proof of vaccination against COVID-19 and respectfully refer the Court to the DOHMH order dated September 15, 2021, for a complete and accurate recitation of its contents.

42.    Deny the allegations set forth in paragraph "41" of the Complaint.

43.    Admit the allegations set forth in paragraph "42" of the Complaint, and respectfully refer the Court to the DOHMH order dated October 20, 2021, for a complete and accurate recitation of its' contents.

44.    Admit the allegations set forth in paragraph "43" of the Complaint, and respectfully refer the Court to the DOHMH order dated October 20, 2021, for a complete and accurate recitation of its' contents.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

46.    Admit the allegations set forth in paragraph "45" and respectfully refer the Court to the DOHMH order dated October 20, 2021, for a complete recitation of its contents.

47.    Deny the allegations set forth in paragraph "46" of the Complaint.

48.    Admit the allegations set forth in paragraph "47" of the Complaint.

49.    As there are no factual allegations set forth in paragraph "48" of the Complaint, no response is required.

50.    As there are no factual allegations set forth in paragraph "49" of the Complaint, no response is required.

51.    Deny the allegations set forth in paragraph "50" of the Complaint and respectfully refer the Court to N.Y. City Charter, Chapter 22, Section 555 setting forth the

commissioner's duties and responsibilities. To the extent the allegations call for a legal conclusion, no response is required.

52.     Deny the allegations set forth in paragraph "51" of the Complaint and respectfully refer the Court to N.Y. City Charter, Chapter 22, Section 555 setting forth the commissioner's duties and responsibilities. To the extent the allegations call for a legal conclusion, no response is required.

53.     Deny the allegations set forth in paragraph "52" of the Complaint.

54.     As there are no factual allegations set forth in paragraph "53" of the Complaint, no response is required .

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

58.     Deny the allegations set forth in paragraph "57" of the Complaint.

59.     Deny the allegations set forth in paragraph "58" of the Complaint.

60.     Deny the allegations set forth in paragraph "59" of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

63.     Deny the allegations set forth in paragraph "62" of the Complaint.

64.     Deny the allegations set forth in paragraph "63" of the Complaint.

65.     Deny the allegations set forth in paragraph "64" of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

70.     Admit the allegations set forth in paragraph "69" of the Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Complaint.

77.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Complaint.

78.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Complaint.

79.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

80.    Deny the allegations set forth in paragraph "79" of the Complaint.

81.    Deny the allegations set forth in paragraph "80" of the Complaint.

82.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Complaint and respectfully refer the Court to the article referenced therein for a complete and accurate recitation of its contents.

83.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint.

84.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Complaint.

85.    The allegations set forth in paragraph "84" of the Complaint state rhetoric or opinion for which no response is required.

86.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Complaint.

87.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the Complaint.

88.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint.

89.     Deny the allegations set forth in paragraph "88" of the Complaint.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Complaint.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Complaint.

92.     The allegations set forth in paragraph "91" of the Complaint state rhetoric or opinion for which no response is required, except deny knowledge or information sufficient to form a belief rationale(s) behind all compulsory vaccinations.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the Complaint.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Complaint.

96.     Deny the allegations set forth in paragraph "95" of the Complaint, except admit that the DOHMH order dated October 20, 2021, was for City employees and respectfully refer the Court to the DOHMH order dated October 20, 2021, for a complete and accurate recitation of its contents.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the Complaint.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the Complaint.

100.    Admit the allegations set forth in paragraph "99" of the Complaint.

101.    Admit the allegations set forth in paragraph "100" of the Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Complaint and respectfully refer the Court to Plaintiffs Exhibit 2 for the complete and accurate recitation of its contents.

103.    Admit the allegations set forth in paragraph "102" of the Complaint and respectfully refer the Court to Plaintiffs Exhibit 2 for the complete and accurate recitation of its contents.

104.    Deny the allegations set forth in paragraph "103" of the Complaint and respectfully refer the Court to Plaintiffs Exhibit 2 for the complete and accurate recitation of its contents.

105.    Admit the allegations set forth in paragraph "104" of the Complaint and respectfully refer the Court to Plaintiffs Exhibit 2 for the complete and accurate recitation of its contents.

106.    Admit the allegations set forth in paragraph "105" of the Complaint and respectfully refer the Court to Plaintiffs Exhibit 2 for the complete and accurate recitation of its contents.

107.    Deny the allegations set forth in paragraph "106" of the Complaint.

108.    Deny the allegations set forth in paragraph "107" of the Complaint, except to the extent they set forth rhetoric or opinion to which no response is required.

109.    Admit the allegations set forth in paragraph "108" of the Complaint.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Complaint, except admit that Plaintiff appealed the DOC's decision denying his accommodation request to be exempt from getting the COVID-19 vaccine.

111.    Admit the allegations set forth in paragraph "110" of the Complaint.

112.    Admit the allegations set forth in paragraph "111" of the Complaint and respectfully refer the Court to Plaintiff's Exhibit 3, a copy of the City's Appeals Panel decision denying Plaintiff's accommodation request, for the complete and accurate recitation of its contents.

113.    Deny the allegations set forth in paragraph "112" of the Complaint.

114.    Deny the allegations set forth in paragraph "113" of the Complaint.

115.    Deny the allegations set forth in paragraph "114" of the Complaint except admit that Plaintiff was placed on leave without pay on January 2, 2022.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the Complaint.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Complaint.

118.    Deny the allegations set forth in paragraph "117" of the Complaint, except admit that Plaintiff was terminated February 11, 2022.

119.    Admit the allegations set forth in paragraph "118" of the Complaint and respectfully refer the Court to the DOHMH Order, dated December 13, 2021, for a complete and accurate recitation of its contents.

120.    Deny the allegations set forth in paragraph "119" of the Complaint.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Complaint.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the Complaint.

123.    Deny the allegations set forth in paragraph "122" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

124.    Admit the allegations set forth in paragraph "123" of the Complaint.

125.    Deny the allegations set forth in paragraph "124" of the Complaint and respectfully refer the Court to Mayor Adams Executive Order No. 62, dated March 24, 2022, for a complete and accurate recitation of its contents.

126.    Admit the allegations set forth in paragraph "125" of the Complaint and respectfully refer the Court to Mayor Adams Executive Order No. 62, dated March 24, 2022. for a complete and accurate recitation of its contents.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Complaint and respectfully refer the Court to Mayor Adams Executive Order No. 62, dated March 24, 2022, for a complete and accurate recitation of its contents.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the Complaint and respectfully refer the Court to Mayor Adams Executive Order No. 62, dated March 24, 2022, for a complete and accurate recitation of its contents.

129.    Deny the allegations set forth in paragraph "128" of the Complaint.

130.    Deny the allegations set forth in paragraph "129" of the Complaint.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Complaint and respectfully refer the Court to the link cited therein for a complete and accurate recitation of its contents.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the Complaint and respectfully refer the Court to the link cited therein for a complete and accurate recitation of its contents.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the Complaint and respectfully refer the Court to the link cited therein for a complete and accurate recitation of its contents.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Complaint.

135.    Deny the allegations set forth in paragraph "134" of the Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Complaint.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Complaint and respectfully refer the Court to the link cited therein for a complete and accurate recitation of its contents.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the Complaint.

139.    The allegations set forth in paragraph "138" of the Complaint state rhetoric or opinion for which no response is required.

140.    Deny the  allegations set forth in paragraph "139" of the Complaint, except to the extent the set forth  rhetoric or opinion to which no response is required.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the Complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the Complaint.

143.    Deny the allegations set forth in paragraph "142" of the Complaint.

144.    Deny the allegations set forth in paragraph "143" of the Complaint.

145.    The allegations set forth in paragraph "144" of the Complaint state rhetoric or opinion for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph "144" of the Complaint.

146.    Deny the allegations set forth in paragraph "145" of the Complaint.

147.    Admit the allegations set forth in paragraph "146" of the Complaint.

148.    To the extent the Complaint repeats and re-alleges every allegation in paragraphs 1 through 146, Defendant repeats and re-iterates its responses to the allegations set forth in paragraphs "1" through "146".

149.    Deny the allegations set forth in paragraph "148" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

150.    The allegations set forth in paragraph "149" of the Complaint call for a legal conclusion to which no response is required.

151.    The allegations set forth in paragraph "150" of the Complaint call for a legal conclusion to which no response is required.

152.    The allegations set forth in paragraph "151" of the Complaint call for a legal conclusion to which no response is required.

153.    Deny the allegations set forth in paragraph "152" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

154.    Deny the allegations set forth in paragraph "153" of the Complaint.

155.    Admit the allegations set forth in paragraph "154" of the Complaint.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the Complaint.

157.    Deny the allegations set forth in paragraph "156" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the Complaint.

159.    Deny the allegations set forth in paragraph "158" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

160.    Deny the allegations set forth in paragraph "159" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

161.    Deny the allegations set forth in paragraph "160" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

162.    Deny the allegations set forth in paragraph "161" of the Complaint.

163.    Deny the allegations set forth in paragraph "162" of the Complaint.

164.    Deny the allegations set forth in paragraph "163" of the Complaint.

165.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

166.    Deny the allegations set forth in paragraph "165" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

167.    Deny the allegations set forth in paragraph "166" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

168.    Deny the allegations set forth in paragraph "167" of the Complaint.

169.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the Complaint.

170.    Deny the allegations set forth in paragraph "169" of the Complaint.

171.    Deny the allegations set forth in paragraph "170" of the Complaint.

172.    Deny the allegations set forth in paragraph "171" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the Complaint, except deny that Defendants were motivated by malice or that Plaintiff was singled out.  To the extent the allegations call for a legal conclusion, no response is required.

174.    Deny the allegations set forth in paragraph "173" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

175.    Deny the allegations set forth in paragraph "174" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

176.    Deny the allegations set forth in paragraph "175" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

177.    As there are no factual allegations set forth in paragraph "176" of the Complaint, no response is required.

178.    Deny the allegations set forth in paragraph "177" of the Complaint, except to the extent the allegations call for a legal conclusion or presents a hypothetical to which no response is required.

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the Complaint.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the Complaint.

181.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the Complaint.

182.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the Complaint.

183.    Deny the allegations set forth in paragraph "182" of the Complaint.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "183" of the Complaint.

185.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

186.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "185" of the Complaint and respectfully refer the Court to the link cited therein for a complete and accurate recitation of its contents.

187.    Admit the allegations set forth in paragraph "186" of the Complaint and respectfully refer the Court to the DOHMH order dated September 15, 2021, for the vaccination

requirements for DOE employees and to the DOHMH order dated October 20, 2021, for the vaccination required for City employees for a complete and accurate recitation of their contents.

188.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "187" of the Complaint.

189.    Deny the allegations set forth in paragraph "188" of the Complaint.

190.    Deny the allegations set forth in paragraph "189" of the Complaint. .

191.    Deny the allegations set forth in paragraph "190" of the Complaint.

192.    The allegations set forth in paragraph "191" of the Complaint state rhetoric or opinion for which no response is required.

193.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "192" of the Complaint.

194.    Deny the allegations set forth in paragraph "193" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

195.    Deny the allegations set forth in paragraph "194" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required, and respectfully refer the Court to the link cited therein for a complete and accurate recitation of its contents.

196.    Deny the allegations set forth in paragraph "195" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

197.    Deny the allegations set forth in paragraph "196" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

198.    Deny the allegations set forth in paragraph "197" of the Complaint.

199.    Deny the allegations set forth in paragraph "198" of the Complaint.

200.    Deny the allegations set forth in paragraph "199" of the Complaint.

201.    Deny the allegations set forth in paragraph "200" of the Complaint.

202.    Deny the allegations set forth in paragraph "201" of the Complaint.

203.    Deny the allegations set forth in paragraph "202" of the Complaint.

204.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "203" of the Complaint.

205.    Deny the allegations set forth in paragraph "204" of the Complaint.

206.    Deny the allegations set forth in paragraph "205" of the Complaint.

207.    Deny the allegations set forth in paragraph "206" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

208.    Deny the allegations set forth in paragraph "207" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

209.    Deny the allegations set forth in paragraph "208" of the Complaint and respectfully refer the Court to Mayor Adams' Executive Order No. 62, dated March 24, 2022, for a complete and accurate recitation of its' contents.

210.    Deny the allegations set forth in paragraph "209" of the Complaint.

211.    Deny the allegations set forth in paragraph "210" of the Complaint.

212.    Deny the allegations set forth in paragraph "211" of the Complaint.

213.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212" of the Complaint.

214.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "213" of the Complaint and respectfully refer the Court to the link cited therein for a complete and accurate recitation of its' contents.

215. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "214" of the Complaint and respectfully refer the Court to the link cited therein for a complete and accurate recitation of its' contents.

216. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "213" of the Complaint and respectfully refer the Court to Mayor Adams' Executive Order No. 62 for a complete and accurate recitation of its' contents.

217. Deny the allegations set forth in paragraph "216" of the Complaint.

218. As the allegations set forth in paragraph "217" of the Complaint form a legal conclusion, no response is required.

219. Deny the allegations set forth in paragraph "218" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

220. Deny the allegations set forth in paragraph "219" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

221. As there are no factual allegations set forth in paragraph "220" of the Complaint, no response is required.

222. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "221" of the Complaint.

223. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "222" of the Complaint.

224. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "223" of the Complaint.

225.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "224" of the Complaint, except deny the allegations that Mayor Adams ended Plaintiff's career.

226.    Deny the allegations set forth in paragraph "225" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

227.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "226" of the Complaint except deny that the Mayor was motivated by malicious intent.

228.    Deny the allegations set forth in paragraph "227" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

229.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "228" of the Complaint.

230.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "229" of the Complaint.

231.    The allegations set forth in paragraph "230" of the Complaint state rhetoric or opinion for which no response is required.

232.    The allegations set forth in paragraph "231" of the Complaint state rhetoric or opinion for which no response is required.

233.    Deny knowledge or information sufficient to form a basis of belief as to the truth of the  allegations set forth in paragraph "232" of the Complaint, except to the extent the allegations set forth rhetoric or opinion to which no response is required.

234.    Deny the allegations set forth in paragraph "233" of the Complaint,

235.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "234" of the Complaint and respectfully refer the Court to the link cited therein for a complete and accurate recitation of its' contents.

236.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "235" of the Complaint.

237.    Deny the allegations set forth in paragraph "236" of the Complaint, except deny the allegations deny knowledge or information sufficient to form a basis of belief as to what Chokshi or Adams claimed.

238.    The allegations set forth in paragraph "237" of the Complaint state rhetoric or opinion for which no response is required.  To the extent a response is required, deny the allegations set forth in paragraph "237" of the Complaint.

239.    Deny the allegations set forth in paragraph "238" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

240.    Deny the allegations set forth in paragraph "239" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

241.    Deny the allegations set forth in paragraph "240" of the Complaint.

242.    Deny the allegations set forth in paragraph "241" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that the law has been well-settled since Reconstruction.

243.    Deny the allegations set forth in paragraph "242" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

244.    Deny the allegations set forth in paragraph "243" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

245.    Deny the allegations set forth in paragraph "244" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

246.    To the extent the Complaint repeats and re-alleges every allegation in paragraphs 1 through 244, Defendant repeats and re-iterates its responses to the allegations set forth in paragraphs "1" through "244".

247.    As the allegations set forth in paragraph "246" of the Complaint, call for a legal conclusion no response is required, and respectfully refer the Court to the statute cited therein for a complete and accurate recitation of its' contents.

248.    As the allegations set forth in paragraph "247" of the Complaint, call for a legal conclusion no response is required.

249.    Deny the allegations set forth in paragraph "248" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

250.    Deny the allegations set forth in paragraph "249" of the Complaint.

251.    Deny the allegations set forth in paragraph "250" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

252.    Deny the allegations set forth in paragraph "251" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

253.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "252" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

254.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "253" of the Complaint and respectfully refer the Court to a

copy of Plaintiff's reasonable accommodation request for a complete and accurate recitation of its' contents.

255.    Deny the allegations set forth in paragraph "254" of the Complaint and respectfully refer the Court to the Plaintiff's Exhibit 3, a copy of the Citywide Appeals Panel decision, for a complete and accurate recitation of its' contents.

256.    Deny the allegations set forth in paragraph "255" of the Complaint except admit that Plaintiff purports to proceed as set forth therein.

257.    Admit the allegations set forth in paragraph "256" of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's religious beliefs conflicted with the vaccine mandate.

258.    Deny the allegations set forth in paragraph "257" of the Complaint, except to the extent the allegations call for a legal conclusion to which no response is required.

259.    Deny the allegations set forth in paragraph "258" of the Complaint , except to the extent the allegations call for a legal conclusion to which no response is required.

260.    Deny the allegations set forth in paragraph "259" of the Complaint.

261.    To the extent that Plaintiff repeats and re-alleges every allegation set forth in paragraphs "1" through "259" of the Complaint, Defendants repeat and re-allege their responses set forth above.

262.    In light of the Court's decision dated November 29, 2023 (ECF minute entry, dated November 29, 2023), dismissing 42 U.SC. § 1983 substantive due process claim, no response is required to paragraphs "261" through "274" of the Complaint.  To the extent that a response is required Defendants deny the allegations set forth in paragraphs "261" through "274" of the Complaint.

**AS AND FOR A FIRST DEFENSE:**

263.    The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE:**

264.    Defendants had legitimate nondiscriminatory business reasons for taking any of the alleged acts complained of by Plaintiff.

**AS AND FOR A THIRD DEFENSE:**

265.    To the extent that any claims any Title VII claims contained in the federal complaint were not also contained in the Plaintiff's charge of discrimination filed with the EEOC, those claims must be dismissed for failure to exhaust administrative remedies with EEOC.

**AS AND FOR A FOURTH DEFENSE:**

266.    Any claims in the Complaint under Title VII which accrued more than 300 days prior to plaintiff's filing of his charge of discrimination with the EEOC are time-barred. Furthermore, any claims in the Complaint under 42 U.S.C. § 1983 which accrued more than three years prior to Plaintiff's filing of his Complaint are also time-barred.

**AS AND FOR A FIFTH DEFENSE:**

267.    Defendants Eric Adams and David Chokshi are shielded from suit, in whole or in part, by the doctrines of qualified immunity, common law immunity, or any combination of these doctrines.

**AS AND FOR A SIXTH DEFENSE:**

268.    Upon information and belief, the damage claims set forth in the Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## AND AS FOR A SEVENTH DEFENSE:

269.    The Defendants assert that they engaged in good faith efforts to comply with the law.

**WHEREFORE**, Defendants respectfully request that the Complaint be dismissed in its entirety, that all relief requested therein be denied, and that Defendants be granted such other and further relief as the Court deems just and proper.

Dated:      December 13, 2023
            New York, New York

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-171
New York, New York 10007
(212) 356-2451

By: _____/s/_____

Traci Krasne
Assistant Corporation Counsel

Cc:    Chad J. LaVeglia, Esq. (By ECF)
       Law Office of Chad J. LaVeglia PLLC
       626 RxR Plaza, Suite #613
       Uniondale, NY 11556
       (631) 450-2468
       claveglia@cjllaw.org

Docket No. 23-CV-7754 (BMC)

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DANIEL CHAVEZ,

Plaintiff,

– against –


CITY OF NEW YORK, ERIC ADAMS, DAVID
CHOKSHI,

Defendant.

---

### ANSWER TO COMPLAINT

---

### *HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-171*
*New York, New York  10007-2601*

*Of Counsel:  Traci Krasne*
*Telephone:  (212) 356-2451*
*Matter No.:  2023-098265*

---

*Due and timely service is hereby admitted.*

*Dated: New York, New York....................................202*

*Signed:  .........................................................................*

*Attorney for ...................................................................*