UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

DANIEL CHAVEZ

      Plaintiff,


      -against-


CITY OF NEW YORK, ERIC ADAMS,
DAVID CHOKSHI


      Defendants

Case no: <u>1:23-cv-7754 (BMC)</u>

---

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS PARTIAL MOTION FOR
RECONSIDERATION**

LAW OFFICE OF CHAD J. LAVEGLIA PLLC
262 RXR Plaza, Suite #613
Uniondale, New York 11556
(631) 450-2468
claveglia@cjllaw.org

*Attorneys for Plaintiff*

Table of Contents

PRELIMINARY STATEMENT ...................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

DEFENDANTS' PARTIAL MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE IT FAILS TO DEMONSTRATE THAT THIS COURT OVERLOOKED FACTUAL MATTERS OR CONTROLLING DECISIONS. .................. 2

DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE IT IS AN ATTEMPT TO REARGUE ISSUES ALREADY CONSIDERED AND DECIDED BY THIS COURT. ......................................................................... 3

ALTERNATIVELY, DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE IT IGNORES THE FACTS PLEAD IN THE COMPLAINT, THE RESONABLE INFERENCES TO BE DRAWN FROM THEM, AND RAISES PLAINTIFF'S BURDEN ABOVE PLAUSIBILITY. .................................................................................................. 4

CONCLUSION ............................................................................................................................... 7

CASES

Bell Atl. Corp. v. Twombly, 550 U.S. 544, [2007]. ---------------------------------------------------------- 5
Fezzani v. Bear, Sterns & Company Inc., 2021 WL 3115449 (U) [S.D.N.Y. 2021]. ----------------------------- 2
Garvey et al., v. City of New York et al., 77 Misc.3d 585 [Richmond Cty. Sup Ct. 2022] -------------------- 6
Kane v. DeBlasio, 19 F.4th 152 [2d Cir. 2021] ------------------------------------------------------------- 5
Lehmuller v Inc. Vil. of Sag Harbor, 982 F Supp 132 [EDNY 1997] ----------------------------------------- 3
Lichtenberg v Besicorp Group Inc., 28 Fed Appx 73, [2d Cir 2002] ----------------------------------------- 2
Lynch v. City of New York et al., 952 F.3d 67,[2d Cir. 2018] --------------------------------------------- 4
Maniscalco v. New York City Dep't of Educ., 563 F. Supp. 3d 33, [E.D.N.Y. 2021] ------------------------- 6
NFIB v. OSHA 595 U.S. ____ [2022] ---------------------------------------------------------------------- 5
Parrish v. Sollecito, 253 F.Supp.2d 713, 715 [S.D.N.Y. 2003] -------------------------------------------- 2
Walsh v. McGee, 918 F.Supp. 107 [S.D.N.Y.1996)] ------------------------------------------------------- 3

OTHER AUTHORITIES

Local Rule 6.3 -------------------------------------------------------------------------------------- 1, 3

PRELIMINARY STATEMENT

Defendants improperly attempt to get a "second bite at the apple" under the guise of a motion for reconsideration pursuant to Local Rule 6.3. This Court should deny its motion because the Court did not overlook controlling decisions or factual matters. Indeed, Defendants' motion does not—nor could it—provide controlling decisions or factual matters that this Court overlooked and might reasonably be expected to alter the Court's decision. In addition, Defendants erroneously insinuate that the Court somehow deprived it of an opportunity to make arguments. However, contrary to Defendants' insinuation, the Court had the benefit of a fully briefed motion plus oral argument. This Court left no stone unturned. Defendants cannot use Local Rule 6.3 as a means to relitigate issue already decided simply because it is unhappy with the result. Similarly, Defendants cannot hijack Local Rule 6.3 to make new arguments or arguments it might have neglected to make. Yet, this is what Defendants motion does here. Finally, irrespective of Defendants failure to meet its burden showing that it is entitled to reconsideration, its arguments still fall flat. Consequently, this Court should deny Defendants' partial motion for reconsideration.

ARGUMENT

DEFENDANTS' PARTIAL MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE IT FAILS TO DEMONSTRATE THAT THIS COURT OVERLOOKED FACTUAL MATTERS OR CONTROLLING DECISIONS.

From the outset, Defendants have not established that is entitled to the extraordinary remedy of reconsideration *see* Parrish v. Sollecito, 253 F.Supp.2d 713, 715 [S.D.N.Y. 2003] (stating that reconsideration of "a court's previous order is an extraordinary remedy to be employed sparingly . . ."); Fezzani v. Bear, Sterns & Company Inc., 2021 WL 3115449 *1 (U) [S.D.N.Y. 2021]. Defendants "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion" Lichtenberg v Besicorp Group Inc., 28 Fed Appx 73, 74-75 [2d Cir 2002] (internal quotations and citations omitted) and that "might reasonably be expected to alter the court's decision." Parrish *id.*

Defendants' motion fails to identify any controlling decisions or material facts that this Court allegedly overlooked. That is because this Court did not overlook any controlling decisions or factual matters. Rather, this Court rendered its decision after fully considering the facts, caselaw, and arguments made by both parties. Indeed, the Court's specific, narrowly tailored questions during oral argument evince that it did not overlook controlling decisions or factual matters *see* (defense Exhibit A). As such, Defendants fail to pass through the threshold. Accordingly, this Court should deny Defendants' motion since Defendants fail to establish a basis for this Court to grant the extraordinary remedy of reconsideration.

DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE IT IS AN ATTEMPT TO REARGUE ISSUES ALREADY CONSIDERED AND DECIDED BY THIS COURT.

Defendants' seek to reargue the merits of its underlying motion in the guise of controlling decisions or facts that the Court allegedly failed to consider. "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court" Lehmuller v Inc. Vil. of Sag Harbor, 982 F Supp 132, 135 [EDNY 1997]. In addition, "a Rule 6.3 motion is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved" *id.* "A Local Rule 6.3 motion may not advance new facts, issues, or arguments not previously presented to the court." *Id. quoting* Walsh v. McGee, 918 F.Supp. 107, 110 [S.D.N.Y.1996)]. Local Rule 6.3 is not intended to give the defendants' another opportunity to argue why it believes its motion to dismiss should have been granted. Yet, that is what its motion attempts to do.

Defendants reargue issues fully considered and already decided by this Court. For instance, Defendants' posit that "in issuing its decision, the Court did not consider that the Plaintiff fails to demonstrate that he was treated differently by Defendants than any other similarly situated individual . . ." (Def. Memo of law ¶ 3, ECF No 13). Defendants' assertion is erroneous because this Court did consider Defendants' position. Defendants made the same argument in its motion to dismiss *see* (ECF No 7, ¶ 2), and its reply *see* (ECF No 9, ¶¶ 2-6). Furthermore, Plaintiff addressed this very same argument in his Memorandum of Law in Opposition *see e.g.* (¶¶ 1-3, ¶¶ 6-7). Thus, this Court fully considered these issues when denying Defendants motion

3

to dismiss Plaintiff's Selective Enforcement claim. In addition, Defendants' claim that the Court did not have the benefit of "numerous controlling decisions throughout the Second Circuit on the issue of selective enforcement" (Def. Memo of Law at 2) is demonstrably false. Defendants argued in its reply that "[p]laintiff's beliefs about the COVID-19 vaccine aside, this argument does not address Defendants' argument that many courts in this circuit have found that the mandate was constitutional" (at 7). Hence, the Court already considered Defendants' arguments. Thus, the defendants are relitigating the merits of its motion to dismiss. Accordingly, Defendants' motion should be denied.

ALTERNATIVELY, DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE IT IGNORES THE FACTS PLEAD IN THE COMPLAINT, THE RESONABLE INFERENCES TO BE DRAWN FROM THEM, AND RAISES PLAINTIFF'S BURDEN ABOVE PLAUSIBILITY.

Initially, Defendants' arguments fail because it attempts to counter the facts instead of showing Plaintiff has not plausibly alleged a selective enforcement claim *see* Ashcroft v Iqbal, 556 U.S. 662, 678 [2009]. Defendants' arguments are not about plausibility, just as the Mandate was not about protecting the public health. Instead, Defendants' improperly attempt to have this Court asses the weight of the evidence and adopt its competing interpretations. *See* Lynch v. City of New York et al., 952 F.3d 67, 75 [2d Cir. 2018] (stating that this Court's "task is to assess the *legal feasibility of the complaint; it is not to assess the weight of evidence that might be offered by either side*: Because plausibility is a standard lower than probability, a given set of actions may well be subject to diverging interpretations, each of which is

4

plausible") (emphasis added). For example, Defendants still argue that COVID-19 was specific to the workplace (Def. Memo of Law ¶¶ 5-6). *Contra* NFIB v. OSHA 595 U.S. \_\_\_,\_\_\_ 6-7 [2022] (per curium) (holding that COVID-19 was not a threat specific to the workplace). A jury will ultimately decide whether to find the facts Defendants' improperly ask this Court to accept at the pleading stage. Accordingly, Defendants' arguments do not change that Plaintiff has plead factual allegations that "raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, [2007].

In addition, Defendants prove Plaintiff's point in its rational basis analysis (Def. Memo of Law ¶¶ 7-8). As Defendants' state, a "[r]ational basis review requires the City to have chosen a means for addressing a legitimate goal that is rationally related to *achieving that goal*" (*id.* at ¶6) *citing* Kane v. DeBlasio, 19 F.4th 152, 166 [2d Cir. 2021] (emphasis added). The goal of the Mandate was to stop the transmission of the SARS-CoV-2 virus s*ee e.g.* (Compl. ¶47). Defendants quizzically concede that Eric Adams' amended the Mandate to exclude professional athletes and performers for purely economic and socioeconomic reasons. Eric Adams' exemptions are *ipso facto* not rationally related to stopping the transmission of COVID-19. Accordingly, Defendants' effort to justify Executive Order No. 62 only weakens its position.

Alternatively, the Mandate is unconstitutional under the New York State Constitution *see* Garvey et al., v. City of New York et al., 77 Misc.3d 585 [Richmond

5

Cty. Sup Ct. 2022] (declaring in hybrid article 78 proceeding that the Mandate violated N.Y. Const. art I §XI). [1]

Alternatively, Defendants' motion should be denied because it ignores material facts plead in the complaint. For example, Defendants' do not address Plaintiff's assertions about vaccine inefficacy, booster shots, and herd immunity *see e.g.* (Compl. ¶¶ 65-98). Nor did Defendants' address these facts in its reply. Indeed, Defendants' only response was in the form of commentary that Plaintiff's factual allegations were ". . .quasi-science, conspiracy theories . . ." (Def. Reply at 2). Defendants' silence speaks volumes. It ignores these facts out of necessity because accepting these facts as true—as it must—completely vitiates its underlying motion to dismiss. That is, Plaintiff's Selective Enforcement claim is more than plausible when these facts are accepted as true. Defendants' repeated strategy of ignoring these facts is fatal to its motion here.

Finally, Defendants still cite cases that are inapposite and inapplicable because they all sought injunctive relief or are otherwise procedurally distinguishable. This is a material distinction *see e.g.* Maniscalco v. New York City Dep't of Educ., 563 F. Supp. 3d 33, 42 [E.D.N.Y. 2021] (determining the rationality for mandating DOE employees to be vaccinated in proceeding for injunctive relief without accepting or rejecting the evidence). *See also* (Plaintiff Memo of Law in Opp at 13).

---

[1] Declaratory judgments are not stayed pursuant to CPLR §5519(a)(1) because they are executed immediately with the Decision. That is, they are self-executing.

6

## CONCLUSION

For the myriad of reasons above, this Court should deny Defendants' partial motion for reconsideration in its entirety.

Dated:   December 22, 2023

Respectfully Submitted,

CHAD J. LAVEGLIA ESQ.,
LAW OFFICE OF CHAD J LAVEGLIA PLLC
626 RxR Plaza, Suite #613
Uniondale, NY 11556
(631) 450-2468
claveglia@cjllaw.org