

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**SHIVANI R. DAMERA**
*Assistant Corporation Counsel*
Labor and Employment Law Division
Telephone: (212) 356-2444
E-mail: sdamera@law.nyc.gov

November 26, 2024

Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re: Daniel Chavez v. City of New York
                    1:23-cv-7754 (NCM) (TAM)

Dear Judge Merkl:

       I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel for the City of New York, attorney for the City of New York ("Defendant") in the above-referenced action. In accord with Your Honor's November 22, 2024 scheduling Order and Local Civil Rule 37.3(c), I write in opposition to Plaintiff's Letter dated November 21, 2024, seeking an extension of time to complete discovery. See ECF No. 29.

       On October 23, 2024, after consulting with Plaintiff's counsel and obtaining his consent, Defendant submitted a letter motion to the Court seeking an eleven-day extension of time "to complete the one remaining deposition in this proceeding." See ECF No. 27. On October 24, 2024, the Court granted the extension of time "to complete one deposition," and explicitly stated "[a]ll other deadlines remain unchanged." See ECF Scheduling Order dated October 24, 2024. Plaintiff did not object to either Defendant's letter or to the Court's scheduling order.

       On November 14, 2024, as agreed to by the parties, Plaintiff conducted the 30(b)(6) deposition of Elizabeth Lundi ("Lundi"), the Assistant Commissioner of the Department of Correction's Equal Employment Office ("EEO"). See ECF Minute Entry + Order dated November 14, 2024. However, on November 21, 2023, notably without consulting Defendant's counsel, Plaintiff submitted a letter motion to extend time to Complete discovery. See ECF No. 29. In his letter, Plaintiff now seeks to depose "two [] to five [] more witnesses," because, he claims, (1) Lundi "named other individuals with relevant and material information;" (2) Plaintiff "learned new information" during the deposition; and, (3) Lundi "was unable to testify about topics that are material to Plaintiff's action." Id.

       As an initial matter, the parties agreed that Defendant was to produce Lundi as a 30(b)(6) witness to testify on the topic of the DOC's reasonable accommodation review process. At no time did Plaintiff request additional topics, nor did Plaintiff request to broaden the scope of the topic on which the 30(b)(6) witness was to testify. As discussed more fully below, the only question presented by Plaintiff's counsel to which Lundi was unable to testify is the number of religious accommodation requests received by DOC's EEO Office after the Vaccine Mandate went into effect. Plaintiff's new claim that "the witness was unable to testify about topics that are material to Plaintiff's action" is disingenuous, at best. Id.

Nevertheless, Plaintiff fails to demonstrate the need for additional depositions after the close of discovery. Indeed, Plaintiff fails to identify whom these "two (2) to five (5) more witnesses" he seeks to depose are, fails to articulate why the additional witnesses are necessary, and fails to show that even one of these unidentified witnesses has unique, first-hand knowledge of Plaintiff's claims. Critically, the only individuals Lundi named during the deposition were the members of her team in the DOC's EEO Office, alongside whom Lundi reviewed all reasonable accommodation requests for exemptions to the COVID-19 Vaccine Mandate. It is, therefore, unclear what "relevant and material information" those other team members would have about which Lundi was purportedly "unable to testify." Furthermore, Plaintiff fails to articulate what purported "new information" he learned about during Lundi's deposition that is relevant to his sole remaining failure to accommodate claim that would either necessitate or warrant additional depositions. Moreover, the only question presented by Plaintiff's counsel to which Lundi was unable to testify (and which, notably, was the subject matter of the parties' dispute during the deposition[1]), is the number of religious accommodation requests received by DOC's EEO Office after the Vaccine Mandate went into effect, and these numbers were provided to Plaintiff on August 2, 2024, in Defendant's supplemental responses to Plaintiff's interrogatories.

Finally, to the extent Plaintiff may now seek to depose members of the Citywide Appeals Panel, Defendant objects. First, Defendant disclosed the names of those members in its initial disclosures on December 22, 2023, and again in its supplemental responses to Plaintiff's interrogatories dated August 2, 2024. Second, Courts in this circuit generally place reasonable limits on depositions of high-ranking officials in order "to conserve the time and energies of public officials and prevent the disruption of the primary functions of the government." See Marisol A. by Forbes v. Giuliani, No. 95-10533 (RJW), 1998 U.S. Dist. LEXIS 3719, at *11 (S.D.N.Y. Mar. 23, 1998). Courts only permit depositions of high-ranking government officials if they have "unique personal knowledge that cannot be obtained elsewhere." Id. at 8. Here, as noted above, while it is unclear whom Plaintiff seeks to depose, Plaintiff fails to establish that any members of the Citywide Appeals Panel possess "unique first-hand knowledge" of Plaintiff's reasonable accommodation request. Finally, on August 2, 2024, Defendant provided Plaintiff with a copy of the Affirmation of Eric J. Eichenholtz submitted in New York City Municipal Labor Committee et. al. v. City of New York et. al., February 9, 2022 as part of its supplemental responses to Plaintiff's interrogatories, which document explains the Citywide Appeal Panel review processes in depth.

For these reasons, Plaintiff's request for an extension of time to depose an additional two to five witnesses should be denied.

Respectfully submitted,

/s/ *Shivani Damera*
Shivani R. Damera
Assistant Corporation Counsel

cc:   All Parties of Record (By ECF)

---

[1] See ECF Minute Entry + Order dated November 14, 2024.