UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
DANIEL CHAVEZ

Plaintiff,

-against-

CITY OF NEW YORK

Defendant

----------------------------------------------------------------X

**JOINT PRETRIAL ORDER**

23-CV-07754 (NCM) (TAM)

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions, and agreements are adopted as the Pretrial Order herein.

**I. Caption**

***DANIEL CHAVEZ v. CITY OF NEW YORK***

**II. Parties and Counsel**

**Plaintiff:**

Chad J. LaVeglia Esq.
Law Office of Chad J. LaVeglia PLLC.
350 Motor Parkway, Ste #308
Hauppauge, N.Y. 11788
(631)333-8478
Claveglia@cjllaw.org

**Defendant:**

Shivani Damera, Esq.
New York City Law Department
Office of the Corporation Counsel
100 Church Street, 2-197
New York, NY 10007
(212) 356-2444
sdamera@law.nyc.gov

**III. Statement of the Case**

This is a failure to accommodate case. Plaintiff, Daniel Chavez, began his employment with the New York City Department of Corrections in August 2019 as the Executive Director for Instructional Design and Enrollment Management. He was appointed as Assistant Commissioner of Training and Development in May 2022. In October 2021, the City issued an order requiring COVID-19 vaccinations for City employees and certain city contractors ("Vaccine Mandate"). On October 27, 2021, Plaintiff submitted a request for a religious exemption to the Vaccine Mandate. His request for a religious exemption was denied. Plaintiff subsequently appealed that denial to the Citywide Appeals Panel. Plaintiff's appeal was denied as well. Plaintiff was subsequently placed on leave without pay until he was terminated in February 2022 for failure to comply with the Vaccine Mandate.

Plaintiff alleges that Defendant failed to provide a reasonable accommodation in violation of Title VII. Defendant, City of New York ("City"), denies Plaintiff's allegations and contends it did not discriminate against the Plaintiff. Instead, it alleges that DOC properly denied Plaintiff's religious exemption request because allowing Plaintiff to go unvaccinated against COVID-19 would have imposed an undue hardship. Specifically, given that Plaintiff worked out of Rikers Island at the time the Vaccine Mandate was in effect, his presence as an unvaccinated individual posed a direct threat to members of service, the public and those detained by DOC. Defendant also contends that Plaintiff did not have a sincere religious belief that conflicted with the Vaccine Mandate.

**IV. Jurisdiction**

**Plaintiff's Statement:** The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 since the plaintiff claims the defendant failed to accommodate his religious beliefs in violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §2000e-17.

**Defendant's Statement:** Defendant does not contest jurisdiction

**V. Claims and Defenses**

**Plaintiff:** Plaintiff's sole claim to be tried is failure to accommodate religious beliefs in violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §2000e-17. Defendant mandated Plaintiff be vaccinated against COVID-19. Plaintiff explained that the vaccine mandate conflicted with his beliefs as a Christian. Plaintiff specified—in his request for an accommodation to his employer—the Christian beliefs that conflicted with the vaccine mandate. Gardner-Alfred v. Fed. Rsrv. Bank of N.Y., 143 F.4th 51 [2d Cir. 2025]. Plaintiff was terminated for failing to comply with the vaccine mandate. Baker v. The Home Depot, 445 F.3d 541, 546 [2d Cir. 2006]; Philbrook v. Ansonia Bd. of Educ., 757 F.2d 476, 481 [2d Cir. 1985].

**Defendants' Defenses:**

- Plaintiff fails to state Title VII failure to accommodate claim, in whole or in part, upon which relief may be granted.

- At all times relevant to the acts alleged in the Complaint, Defendant acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to Plaintiff were undertaken for legitimate, non-discriminatory and non-retaliatory business reasons, without malice, and in good faith.
- Plaintiff did not show that he had a bonified religious belief that conflicted with the COVID-19 Vaccine Mandate
- Plaintiff's request for an exemption would have caused an undue hardship on the Defendant, therefore his request was properly denied.
- Defendant established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees.
- Plaintiff's claims for front pay is barred, in whole or in part, because he has found comparable alternate employment and was in an appointed position which had no guarantee of continued employment.
- Plaintiff's claims for back pay are barred, in whole or in part, by his failure to mitigate damages.
- Plaintiff's request for punitive damages against City of New York is barred because punitive damages are not available against a government or a governmental subdivision.
- Any damages sustained by plaintiff were caused by Plaintiff's own negligent or otherwise culpable conduct.

## VI. Statement of Relief Sought

Monetary Damages.

## VII. Jury or Bench Trial; Trial Length; Trial Dates

**Plaintiff:** This will be a jury trial. Plaintiff estimates that the trial will last for three (3) to five (5) days.

**Defendant:** The parties agree that this will be a jury trial and that the trial will take 3-5 days.

**Trial Dates**

**Plaintiff**: July (8th, 15th, 22nd); August (3rd, 10th, 17th); September (1st, 7th, 28th); October (1st, 5th, 14th, 26th); November (4th, 12th, 16th).

**Defendant**: Defendants propose the first three weeks of November.[1]

## VIII. Consent to Trial by a Magistrate Judge

The parties do not consent to having this case tried before a magistrate judge.

[1] If the dates in November are not convenient for the Court, Defendant request that the Court provide dates that it is available so that the parties can confer and mutually agree upon dates.

## IX. Witnesses

**Plaintiff:**

Plaintiff intends to call the following witnesses:

| Witness Name | Will Call/May Call | Estimated Length of Time | Summary of Substance of Testimony |
|---|---|---|---|
| **Daniel Chavez** | Will call | 2.5 hours | Mr. Chavez is the plaintiff and will testify to all material elements. |
| **Chaplain von Bujdoss** | Will call | 1 hour | Mr. von Bujdoss was the head Chaplain at Rikers Island. He counseled Mr. Chavez and drafted a letter explaining the theological context of Mr. Chavez's Christian beliefs. Mr. Chavez provided the letter with his request for a religious accommodation. |

**Defendant:**

| Witness Name | Will Call/ May Call | Estimated Length of Time | Summary of Substance of Testimony |
|---|---|---|---|
| **Vincent Schiraldi**<br>Former DOC Commissioner<br><br>75-20 Astoria Blvd<br>East Elmhurst, NY 11370 | Will Call | 4 hours | Mr. Schiraldi, former Commissioner of the DOC, will testify as to the impact of COVID-19 on the DOC. Mr. Schiraldi will also testify as to impact of COVID-19 on Rikers specifically. |
| **Bijan Vafegh**<br>Former Disability Rights Coordinator<br>DOC EEO Office<br><br>100 Church Street,<br>New York, NY 10007 | Will Call | 3 hours | Mr. Vafegh, Disability Rights Coordinator in the DOC EEO office, reviewed reasonable accommodations during the COVID-19 pandemic. He will testify as to the criteria used to |

| | | | |
|---|---|---|---|
| | | | grant an exemption to the vaccine mandate and whether or not it was an undue burden on the DOC. Mr. Vafegh will also testify as to the determination made as to Plaintiff. |
| **Eric Eichenholtz**<br>Managing Attorney<br>New York City Law Department<br><br>100 Church Street<br>New York, New York 10007 | Will Call | 3 hours | Mr. Eichenholtz, Managing Attorney of the NYC Law Department, will testify as to the creation of the Citywide Panel and its operation. Mr. Eichenholtz will also testify as to the Plaintiff's appeal to the Citywide Panel. |
| **Ayinde Williams**<br>Deputy Commissioner of Human Resources<br><br>75-20 Astoria Blvd<br>East Elmhurst, NY 11370 | May Call | 2 hours | Mr. Williams, Deputy Commissioner of Human Resources, will testify regarding damages. Specifically, Mr. Williams will testify as to the nature of Plaintiff's appointment as an Assistant Commissioner. |

## X. <u>Deposition Testimony</u>

**Plaintiff:** Plaintiff is not designating any prior sworn testimony and reserves the right to utilize deposition testimony as set forth below by Defendant.

**Defendant:** Defendant is not designating any prior sworn testimony for its case, but respectfully reserves the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure including, but not limited to, for impeachment. Additionally, Defendant objects to Plaintiff's use of deposition testimony of any witness not present at trial unless Plaintiff has made a showing that the witness is unavailable as defined by Rule 32(a)(4) of the Federal Rules of Civil Procedure and Rule 804 of the Federal Rules of Evidence.

## XI. <u>Stipulations</u>

**Plaintiff:** There are no formal stipulations. However, the parties' Rule 56.1 statements set forth facts which are not disputed.

**Defendant:** There are no stipulations of fact. Additionally, Defendant objects to the use of the facts set forth in the Local Rule 56.1 Statement of Material Undisputed Facts. Facts set forth in the Local Rule 56.1 Statements were not disputed solely for the purposes of the Summary Judgment Motion and Defendant reserves the right to not stipulate to such facts for the purposes of the trial.

## XII. Exhibits

**Plaintiff**

| Exhibit | D's Objection/Bases | P's Response/Bases |
|---|---|---|
| 1. Order requiring vaccination for City employees and contractors. | No Objection | |
| 2. FAQ on New York City Employees Vaccine Mandate | No Objection | |
| 3. Request for religious accommodation | No Objection | |
| 4. DOC letter denying Plaintiff's request for religious accommodation | No Objection | |
| 5. Letter of support from Chaplain von Bujdoss | No Objection | |
| 6. Appeal of RA denial to Citywide Panel | No Objection | |
| 7. Citywide Panel Determination denying appeal | No Objection | |
| 8. Citywide Panel Case History Report (DEF000017) | FRE 805 Hearsay within Hearsay | Each level of hearsay is a record of regularly conducted activities (FRE 803 (6)). |
| 9. Number of DOC employees' requests that were granted and denied (DEF000243) | Relevance, FRE 403 (prejudice, confusion, waste of time) | Relevant to undue hardship under FRE 401 because it tends to make it more probable that the City never conducted the individualized, burden-specific cost analysis required, instead applying a blanket denial policy that, by definition, could not have weighed Chavez's specific job duties, remote work capacity, or the feasibility of weekly testing against any actual operational cost. If the City had |

| | | |
|---|---|---|
| | | genuinely assessed undue hardship case-by-case, statistical near-universal denial would be virtually impossible, making the inference of a pre-determined outcome — not a legitimate hardship analysis. There is no prejudice. |
| 10. Teletype Order No: HQ-03044-0 (DEF000100-103) | Relevance, FRE 403 (prejudice, confusion, waste of time) | Relevant to show Defendant's position on alternatives besides vaccination such as masking and testing. |
| 11. 2020 DOC W2 | Relevance, FRE 403 (prejudice, confusion, waste of time), lack of foundation, hearsay[2] | Relevant to prove lost wages |
| 12. 2021 DOC W2 | Relevance, FRE 403 (prejudice, confusion, waste of time), lack of foundation, hearsay | Relevant to prove lost wages |
| 13. 2022 DataBrains W2 | Relevance, FRE 403 (prejudice, confusion, waste of time | Relevant to prove lost wages |
| 14. 2022 PanAm W2 | Relevance, FRE 403 (prejudice, confusion, waste of time | Relevant to prove lost wages |
| 15. 2023 Trinet W2 | Relevance, FRE 403 (prejudice, confusion, waste of time | Relevant to prove lost wages |
| 16. 2023 ADP W2 | Relevance, FRE 403 (prejudice, confusion, waste of time | Relevant to prove lost wages |
| 17. 2024 Argano W2 | Relevance, FRE 403 (prejudice, | Relevant to prove lost wages |

[2] In the event a jury finds in favor of Plaintiff for liability, Defendant requests that the Court determine lost wages in a separate hearing. This request applies to Plaintiff's proposed exhibits 11-20.

| | | |
|---|---|---|
| | confusion, waste of time | |
| 18. 2025 Argano W2 | Relevance, FRE 403 (prejudice, confusion, waste of time | Relevant to prove lost wages |
| 19. 2025 Arcadia 1099 | Relevance, FRE 403 (prejudice, confusion, waste of time | Relevant to prove lost wages |
| 20. 2026 Argano W2 | Relevance, FRE 403 (prejudice, confusion, waste of time | Relevant to prove lost wages |

**Defendant:**

| **Exhibit** | **Description** | **Bates No.** | **P's Objections/Bases** | **D's Response/Bases** |
|---|---|---|---|---|
| **A** | **City Vaccine Mandate** | DEF000050-DEF000054 | No objection | |
| **B** | **FAQ on NYC Employees Vaccine Mandate** | DEF000055-DEF000070 | No objection | |
| **C** | **DCAS RA Guidance 9.9.2021** | DEF000366-DEF000377 | Relevance (FRE 401), Hearsay (FRE 802) | Relevant to show how undue hardship was evaluated by Defendant in accordance with the law and best practices |
| **D** | **Reasonable Accommodation Request (dated October 27, 2021)** | DEF 000006-DEF000007 | No objection | |
| **E** | **Denial (dated November 10, 2021)** | DEF000008-DEF000009 | No objection | |
| **F** | **Appeal (dated November 18, 2021)** | | No objection | |
| **G** | **Letter from Chaplain von Bujdoss in Support of Appeal to Citywide Panel** | DEF000011 | No objection | |
| **H** | **Citywide Panel Denial (dated December 19, 2021)** | | No objection | |
| **I** | **Intent to Separate Letter** | | Relevance (FRE 401), Hearsay (FRE 802) | Relevant to show that Plaintiff was given notice that |

| | | | | |
|---|---|---|---|---|
| | | | | he would be terminated for failing to comply with a lawful condition of employment; Business record exception |

**XIII. Motions in Limine**

**Plaintiff:**[3]

1. Defendant should be precluded from making generalized assertions about COVID-19 risks, CDC guidance, or vaccine efficacy as evidence of undue hardship.
2. The Court should preclude Defendant from arguing that Mr. Chavez's religious beliefs are insincere as a matter of law because he was vaccinated while in the military in 1997.
3. The Court should preclude the defendant from offering any evidence about why the Mandate was implemented, its public health rational, or its legal authority. Mr. Chavez is only challenging the denial of his accommodation request.
4. Defendant should not be permitted to discuss the number of people who died, the threats posed by COVID-19, and the horrors experienced as a result of the pandemic.

Plaintiff objects and will oppose Defendant's motions in limine except the following:

- Plaintiff will not refer to counsel as "City Attorneys" or "Corporation Counsel."
- Plaintiff will not offer lay opinion regarding the efficacy and science behind the COVID-19 vaccine. Plaintiff opposes this to the extent it could preclude Mr. Chavez from discussing his personal beliefs regarding natural immunity.
- Plaintiff will not offer any character or propensity evidence.

**Defendant:**[4]

- Plaintiff should be precluded from requesting a specific dollar amount from the jury
- Evidence relating to Plaintiff's economic damages (front pay and backpay) should be excluded or in the alternative the jury should be precluded from deciding the amount of Plaintiff's economic damages, which should be presented in a separate hearing
- Plaintiff should be precluded from referring to Defense Counsel as "City Attorneys" or "Corporation Counsel"
- Exhibit 8 should be precluded because it contains inadmissible hearsay
- Exhibit 9 should be precluded because it is irrelevant, waste of time
- Exhibit 10 should be precluded because it is irrelevant, waste of time, and prejudicial
- Plaintiff should be limited to garden variety emotional distress damages

---

[3] Defendant opposes each of Plaintiff's motion in limine.

[4] Defendant reserves the right to amend its Motion in Limine prior to trial.

- Plaintiff should be precluded from seeking punitive damages
- Plaintiff should be precluded from offering any lay opinion testimony regarding the efficacy and science behind the COVID-19 vaccine
- Plaintiff should be precluded from offering any character or propensity evidence, including prior lawsuits, complaints, or disciplinary histories, against Defendant and non-party witnesses
- Chaplain Justin Von Bujdoss should be precluded, or in the alternative, precluded from testifying about Plaintiff's religious beliefs
- Plaintiff's counsel should be limited to commentary, questions, and evidence probative of the firmly-established purpose of this trial, and preclude the injection of matters outside those bounds intended to procure an excessive damages award

SO ORDERED

Dated: Brooklyn, New York
__________, 2026